**J. ARON & CO., Inc., v. UNITED STATES.**

(District Court, S. D. New York. February 16, 1926.)

Trial ⊕⟿105(4)—Record entries of weights of coal delivered from ship, taken from tally sheets thereafter destroyed, held admissible on issue of short delivery of coal cargo.

Under the rule that the court has large discretion in the admission of record entries not original, a record of weights of coal delivered by a ship, made by the consignees at the time from tally sheets then destroyed in accordance with the usual course of business, held admissible against the ship on an issue of short delivery, where no objection was made to the manner in which the weights were recorded, which were apparently accepted as correct when the cargo was weighed.

In Admiralty. Libel by J. Aron & Company, Inc., against the United States. Decree for libelant.

Decree affirmed, 18 F.(2d) 116.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City (Cletus Keating, of New York City, of counsel), for libelant.

Emory R. Buckner, U. S. Atty., of New York City (Irving L. Evans, of New York City, of counsel), for the United States.

THACHER, District Judge. In this case I think there should be a decree in favor of the libelant. The decree may incorporate a finding to the effect that there was a shortage of 796 gross tons 1,671 pounds, equivalent to 810.485 metric tons. The case in any event turns upon the effect to be given to the testimony taken in Venice and Trieste re-

garding the delivery of coal from the vessel. The respondent does not dispute the railroad weights, showing the quantity of coal delivered to the ship at Newport News. It follows that, if the recorded weights showing the coal discharged to the consignees in Italy are to be accepted as correct, the shortage is established. The quantity received by the consignees in Venice is not in dispute.

Under the decision of the Circuit Court of Appeals in The Spica, 289 F. 436, the duty is imposed upon the trial court of deciding whether trustworthiness has been established as a prerequisite to the receipt in evidence of the records made in weighing the coal discharged at Trieste. The transaction was one having all the requirements of trustworthiness universally relied upon by men engaged in such transaction involving large interests. Representatives of the vessel were present. They took no receipts for the coal intrusted to their care, made no objection to the methods of weighing and recording the weights, took no check upon the weights which were being recorded at that time, and apparently acquiesced in the only record made by any one of the performance of the ship's obligation to account by proper delivery for the cargo in its care. Such records as were made by the ship conform to the records which have been proved by the witnesses whose testimony was taken in Trieste and at Venice.

There has not been the slightest suggestion of any motive on the part of the men who were actually engaged in the business for falsifying these records. They were made in pursuance of the regular course of business and were recorded contemporaneously. Under these circumstances, and under the rule in The Spica, supra, I am entirely satisfied that the records which have been produced and the entries which have been shown by the testimony of the witnesses are to be regarded as entirely trustworthy, and that under the circumstances disclosed by the evidence in this case there is a necessity for dispensing with the production of the original tally sheets, which in the course of the business were apparently destroyed when the entries had been regularly made in the books which were kept as permanent records of such transactions. Under these circumstances, the proof of shortage stands uncontradicted and unexplained.

The failure of the officers in charge of the vessel to record the weights of coal discharged with respect to the last deliveries is significant, in view of the fact that entries were made in regard to all except, I think, the last two or three days of discharge. The absence of such entries on the smooth log has not been explained, and the failure to produce the rough log kept by those having knowledge of the facts contemporaneously with the transactions is also a matter of some significance. There was certainly opportunity for wrong delivery of part of the coal, and the failure to explain the proof of actual shortage necessitates a decree as indicated.

Settle decree on notice, with the usual provision for reference to determine the actual loss.